IN THE SUPREME COURT OF THE STATE OF DELAWARE

HILLARD M. WINN, §
§ No. 260, 2022
    Defendant Below, §
    Appellant, §
§ Court Below–Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, §
§ Cr. ID No. 0603002909 (N)
    Appellee. §

Submitted:  December 27, 2022
Decided:     February 20, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Hillard M. Winn, filed this appeal from the Superior Court's denial of his motion for correction of an illegal sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Winn's opening brief that his appeal is without merit. We agree and affirm.

(2)    Following a four-day trial in 2006, a Superior Court jury found Winn guilty of one count of first-degree burglary, one count of possession of a deadly weapon during the commission of a felony ("PDWDCF"), one count of third-degree

assault, and one count of terroristic threatening. Before sentencing, the State moved to have Winn declared a habitual offender under then-extant 11 *Del. C.* § 4214(a). On January 3, 2007, the Superior Court granted the State's motion and sentenced Winn as follows: for first-degree burglary, as a habitual offender, to thirty years of incarceration; for PDWDCF, to two years of incarceration; for third-degree assault, to one year of incarceration, suspended for decreasing levels of supervision; and for terroristic threatening, to one year of incarceration, suspended for one year of Level II probation. We affirmed Winn's convictions and sentence on direct appeal.[1]

(3) In 2010, Winn filed a motion under Superior Court Criminal Rule 35(a), arguing, among other things, that his sentence was illegal because (i) the court did not hold a separate hearing on the State's habitual-offender motion, (ii) the State failed to provide Winn with adequate notice of the evidence on which it intended to rely in support of the habitual-offender motion, and (iii) Winn's *nolo contendere* plea to escape after conviction could not be used as a predicate felony to support the habitual-offender motion. The Superior Court denied the motion, and we affirmed that denial on appeal.[2] In 2017, Winn filed another motion for correction of an illegal sentence. The Superior Court denied the motion, and we affirmed that denial on appeal.[3]

---

[1] *Winn v. State*, 2008 WL 223257 (Del. Jan 28, 2008).
[2] *Winn v. State*, 2011 WL 556439 (Del. Feb. 16, 2011).
[3] *Winn v. State*, 2018 WL 2435547 (Del. May 29, 2018).

2

(4)    In June 2022, Winn filed a third motion for correction of an illegal sentence, arguing (i) the court lacked subject-matter jurisdiction to consider the State's motion to declare Winn a habitual offender because the motion was untimely and improperly filed; (ii) the State failed to present evidence of the requisite number of prior convictions to subject Winn to habitual-offender sentencing; and (iii) his prior convictions resulting from plea agreements could not be used to establish his habitual-offender status because they "contain legal error."  On July 8, 2022, the Superior Court denied the motion, finding that Winn's motion was simply a rehash of the arguments he raised in his 2010 motion for correction of an illegal sentence, the denial of which was affirmed by this Court.  This appeal followed.

(5)    We review the denial of a motion for correction of illegal sentence for abuse of discretion.[4]  To the extent a claim involves a question of law, we review the claim *de novo*.[5]  A motion to correct an illegal sentence may be filed at any time.[6]  A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is

[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*
[6] Del. Super. Ct. Crim. R. 35(a).

3

uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[7]

(6) On appeal, Winn argues that the Superior Court erred when it relied on the law-of-the-case doctrine to deny his motion because he did not raise his current objections to his sentence in his 2010 motion. Winn also argues that the Superior Court erred when it failed to hold an evidentiary hearing on his motion. Winn's arguments are unavailing.

(7) The first claim Winn asserted below was that his sentence is illegal because the State failed to file the documentation supporting its habitual-offender motion before the first scheduled sentencing date and did not formally request a continuance of the sentencing hearing in violation of the Superior Court's rules. We find this argument—essentially, that the State did not provide proper notice of its intent to seek habitual-offender sentencing—to be substantially similar to Winn's 2010 argument that the State had failed to give him adequate notice of the evidence on which it intended to rely in support of its habitual-offender motion. Accordingly, the Superior Court correctly determined that the claim was barred by the law-of-the-case doctrine.[8] Similarly, Winn's argument that his 1998 *nolo contendere* plea to escape after conviction could not be used as a predicate conviction was also raised

---

[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[8] *See id.* at 579 (finding that the law-of-the-case doctrine bars re-litigation of an illegal sentence under Rule 35(a) when that issue has been previously decided by this Court).

and rejected in connection with his 2010 motion.[9] It, too, was therefore barred by the law-of-the-case doctrine.

(8)    Winn also argued below that his 1985 prior robbery conviction (the underlying felony for his 1988 conviction for escape after conviction) could not also be used as a predicate felony for habitual-offender purposes. Winn's position is not supported by our case law and is without merit.[10] As to Winn's last argument—that Winn's 1992 and 1988 pleas could not be used to establish his habitual-offender status because prior to 2008 the Truth-In-Sentencing Guilty Plea Form did not list the right to assistance of counsel on appeal as one of the rights a defendant waived by entering into a plea agreement—relief is not available to him under Rule 35(a).[11] As a final matter, the Superior Court did not abuse its discretion when it declined to hold a hearing on Winn's motion because Rule 35 does not call for, much less require, an evidentiary hearing.

---

[9] Not only did Winn raise this issue in his 2010 motion for correction of sentence, but he also raised the issue at sentencing, thereby preserving the argument for appeal.

[10] *See, e.g., Stevenson v. State*, 2016 WL 258783 (Del. Jan. 19, 2016) (upholding a habitual-offender sentence predicated on a federal conviction for possession of a firearm by a felon as well as the underlying felony conviction).

[11] *See Brittingham*, 705 A.2d at 578 ("Because [the appellant's] claims [concerning the validity of his predicate convictions] would require an examination of errors occurring at other proceedings prior to the imposition of the sentence, no relief is available to [the appellant] under Rule 35(a)." (cleaned up)).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice